9891

FEREBEE v. ATLANTIC COAST LINE R. CO.

(95 S. E. 349.)

1. CARRIERS—LIVE STOCK—NOTICE OF INJURY.—Where it was the carrier's duty to unload an animal, and where, if it had done so, it could have seen, or ought to have seen, an apparent injury, it could not, on appeal, be heard to complain of its lost opportunity to see the injury, if any.

2. EVIDENCE—PAROL EVIDENCE—RECEIPT—CONDITION OF ANIMAL.—A receipt given when an animal was received, being only *prima facie* evidence as to the condition of the animal, either party might afterwards show a different condition at the time of shipment.

3. ESTOPPEL—CARRIAGE OF ANIMAL—RECEIPT—INJURY TO ANIMAL.— The shipper of an animal was not estopped, by signing a receipt, from showing that the animal was severely injured, and not, as he first thought, only slightly injured, as he had a reasonable time after he received the animal to ascertain the extent of the injury and his damage, if any.

Before PEURIFOY, J., Jasper, Summer term, 1917. Reversed.

Action by L. L. Ferebee against the Atlantic Coast Line Railroad Company. From an order of the Circuit Court, reversing a judgment of the magistrate's Court, in favor of plaintiff, he appeals.

The order of Judge Peurifoy, referred to in the opinion, is as follows:

This is an appeal by defendant from a judgment by the magistrate in favor of plaintiff for seventy-five ($75.00) dollars, $25.00 alleged injury to a bull shipped from Kress to Ridgeland and $50.00 penalty for failure to pay claim within the time required by law.

The testimony tends to show that before the bull was unloaded by plaintiff, the plaintiff paid the freight and signed a receipt for same. Before and at the time of unloading the animal, the plaintiff noticed an injury to one of its eyes. He did not report the matter to the agent of defendant, but carried the animal to his home some eight miles in the country. Nothing further was heard of it, so far as the record disclosed until some three weeks thereafter, when plaintiff filed a claim against the defendant for $25.00 damage to bull.

The only point involved in the appeal is: Did the magistrate err in holding that the plaintiff could recover for an injury which was not concealed without proof of notice of the same to the defendant before the final delivery of the property to the plaintiff?

The plaintiff testified that the reason he did not call the attention of the agent to the injury was because he thought the animal's eye might get all right within a few days. It seems to me that if the plaintiff had intended to hold the defendant responsible for the injury, it was his duty, in law and common fairness, to have notified the defendant before removing the animal. With a clear receipt from the plaintiff and in the absence of any complaint, the defendant had the right to assume that the animal was all right. If it was not, and the plaintiff knew it, the defendant should have

had the opportunity to see it and observe the nature and
extent of the injury before its removal and to find out then,
if it could, the cause of the injury.  So far as the record:
shows, the plaintiff and his witness who assisted him in,
removing the animal, were the only ones who knew of the
alleged injury, but they made no complaint of it for some
three weeks.  Under these circumstances, I do not think
the plaintiff should be now heard to complain.  It is, there-
fore, ordered, that the judgment of the magistrate be, and
it is hereby, reversed and the action dismissed.

*Messrs. John P. Wise* and *H. Klugh Purdy,* for appel-
lant.  *Mr. Purdy* cites: *As to error in holding that plain-
tiff could not recover for the injury, which was not con-
cealed, without proof of notice of the same to defendant
before final delivery of the property to plaintiff:* 10 Corpus.
Juris, pp. 201 and 326; 86 S. C. 19.  *As to error in holding
that it was plaintiff's duty to call attention to the injury
before he removed the animal from the car:* 4 R. C. L. 956.

*Mr. W. N. Heyward,* for respondent, cites: *As to neces-
sity for proof of notice to defendant for injury to property
before removal of same:* 97 S. C. 116.  *As to estoppel:* 34
S. C. 464; 83 S. C. 461; 12, 350.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an appeal from an order of Judge Peurifoy,
reversing a judgment of magistrate's Court, wherein plain-
tiff recovered a judgment for $25, actual damages, and $50,
penalty for injury to a bull, shipped over plaintiff's railroad,
and failure to pay same in time required by law.  Judge
Peurifoy's order states the case fully.  The plaintiff by two
exceptions challenges the correctness of his decision.  The
exceptions should be sustained.

The plaintiff was under no obligation, under the facts as detailed in the case, to notify the defendant at the time he received the property that the bull was injured.   He testifies that he thought the injury was trivial and did not amount to much.   It was the duty of the defendant to unload the bull, and, had it done so, it could have seen, or ought to have seen, the apparent injury. Defendant cannot now be heard to complain of its lost opportunity to see the injury, if any.

The receipt given at the time the bull was received is only *prima facie* evidence as to the condition of the bull.   Either party afterwards had the right to show that there was a different condition as to the goods.   Neither is the plaintiff estopped, by signing the receipt, from showing that the bull was seriously injured, and not, what he first thought, slightly injured.   To hold him estopped under the circumstances would be unreasonable.   He had a reasonable time after he received the bull to ascertain the extent of the injury and his damage, if any.

Under his explanation, it was not his duty to call attention, at the time he received the bull, that it was injured. He had a reasonable time thereafter to ascertain the extent of the injury.   He paid the freight and signed receipt before he saw the bull, and then he unloaded it.

Judgment reversed, and judgment of magistrate's Court affirmed.

Reversed.